# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| Brian Webb,<br><br>       Plaintiff,<br><br>v.<br><br>Scottsdale Collection Services, LLC,<br><br>       Defendant. | Case No. 6:10-cv-1413-Orl-31-DAB<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3. As described below, Defendant attempted to collect from Plaintiff "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. On or around April 9, 2010, Defendant's employee ("Ursula") telephoned Plaintiff.

6. During this communication, Ursula demanded that Plaintiff use his employer's credit card to pay the debt.

7. During this communication, Ursula falsely represented that Defendant was preparing to sue Plaintiff.

8. On or around April 9, 2010, Defendant's employee ("Tolbert") telephoned Plaintiff.

1

9. During this communication, Tolbert claimed to be from Defendant's "legal department" and falsely represented that Defendant intended to garnish 25% of Plaintiff's wages and place a lien on Plaintiff's assets until the debt was paid in full.

10. On or around April 15, 2010, Defendant telephoned Plaintiff's mother in connection with the collection of the debt.

11. During this communication, Defendant disclosed that it was attempting to collect a debt from Plaintiff.

12. At the time of this communication, Defendant already had Plaintiff's location information.

13. On May 4, 2010, Defendant telephoned Plaintiff.

14. During this communication, Plaintiff informed Defendant that the creditor of the debt had been paid and disputed that he owed Defendant anything.

15. On or around May 5, 2010, Defendant telephoned Plaintiff's business partner ("Zachary").

16. During this communication, Defendant disclosed that it was attempting to collect a debt from Plaintiff.

17. On May 6, 2010, Plaintiff mailed Defendant a request that Defendant provide Plaintiff with verification of the alleged debt pursuant to 15 U.S.C. 1692g.

18. Defendant received this request on May 10, 2010.

19. On or around May 11, 2010, Defendant mailed Plaintiff a request for payment of the debt, without first providing verification of the debt as requested.

20. On or around May 19, 2010, Defendant telephoned Plaintiff in connection with the collection of the debt.

21. During this communication, Defendant falsely represented that it had never received Plaintiff's request for verification.

22. During this communication, Plaintiff instructed Defendant to cease communications with Plaintiff until Defendant verified the debt as instructed and hung up the telephone.

23. Immediately thereafter, Defendant again telephoned Plaintiff in connection with the collection of the debt with the intent to harass plaintiff.

24. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

25. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692g by continuing its efforts to collect the debt without first validating the debt pursuant to Plaintiff's written request.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

37. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, LLP

By: /s/ Helene Karen Gatto
Helene Karen Gatto
Bar # 0190527
2901 West Busch Blvd, Suite 701
Tampa, FL 33618
Telephone:  866-339-1156
Email:  kga@legalhelpers.com
Attorneys for Plaintiff

4